# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| LISA CORSON,<br><br>                Plaintiff,<br><br>v.<br><br>ART IN VOYAGE, INC.; FRANK C. AUDEBERT a/k/a MIKAEL FRANK AUDEBERT, individually; and DOES 1 through 10 inclusive,<br><br>                Defendants. | Case No. 6:23-cv-400<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff LISA CORSON, by and through her undersigned counsel, brings this Complaint against Defendants ART IN VOYAGE, INC.; FRANK C. AUDEBERT a/k/a MIKAEL FRANK AUDEBERT, individually; and DOES 1 through 10, inclusive, and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

## PARTIES

2. Plaintiff Lisa Corson ("Corson") is an individual and professional photographer.

3. Defendant Art in Voyage, Inc. ("Voyage") is a corporation duly organized

1

and existing under the laws of the State of Delaware that, upon information and belief, has a place of business in Orlando, Florida.

4. Upon information and belief, Defendant Frank C. Audebert a/k/a Mikael Frank Audebert ("Audebert") is an individual doing business in the State of Florida and is, or was at all relevant times, the principal officer or owner of the Defendant business entity named in this Complaint (Art In Voyage, Inc.)

5. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes, and on that basis alleges, that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as herein alleged, were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the Complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously-named Defendants.

6. For the purposes of this Complaint, unless otherwise indicated, "Defendant" and "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendants named in this caption.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

8. This Court has personal jurisdiction over Defendants because Defendants have a physical presence in the State of Florida and/or Defendants transact business in the State of Florida.

9. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which Defendant Art In Voyage resides; a substantial part of the acts and omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated in this judicial district; and/or this civil action arises under the Copyright Act of the United States and Defendant or its agents reside in or can be found in this judicial district.

## FACTUAL ALLEGATIONS

### *Plaintiff Lisa Corson*

10. Lisa Corson is a highly successful and acclaimed freelance photographer who previously worked as the photo editor for SPIN, New York Magazine, and the Wall Street Journal.

11. Corson creates and licenses her work for a fee to a variety of editorial and commercial clients. Corson's client list includes AARP, Delta Airlines, Google, Grand Mariner, House and Garden, Sunset Magazine, The National Geographic Channel, The New York Times, and The Washington Post, and Visit California.

12. Corson's livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Corson's work deters would-be infringers from copying and profiting from her work without permission.

13. Corson is the sole author and exclusive rights holder to a photograph of a pedestrian crossing the street in front of a building situated on the corner of the street with brown and white striped awnings (the "Corson Photograph").

14. Attached hereto as Exhibit A is a true and correct copy of the Corson Photograph.

15. Corson registered the Corson Photograph with the United States Copyright Office under Registration Number VA 2-125-358 with an Effective Date of Registration of November 02, 2018.

### *Defendants Art in Voyage, Inc. and Frank C. Audebert*

16. Upon information and belief, Defendant Voyage is a boutique luxury travel planning company.

17. Upon information and belief, Defendant Voyage is the owner and operator of the website https://www.artinvoyage.com/ (the "Website").

18. Upon information and belief, Defendant Voyage generates content on the Website to market and promote its services, attract user traffic and potential clients to the business, and increase its customer base and revenue for the business.

19. According to the Website, Voyage specializes in creating luxury travel

packages, offering both pre-curated travel experiences and customized experiences.

20. Upon information and belief, at all relevant times, the Website was readily accessible to the general public throughout Florida, the United States, and the world.

21. Upon information and belief, Audebert is, or was at all relevant times, the principal officer or owner of Voyage and had a direct financial interest in the content and activities of the Website (including the activities alleged in this Complaint).

22. Upon information and belief, Audebert is also the creative director of Voyage.

23. Attached as Exhibit B is a true and correct screenshot of a webpage from the Website titled "Meet The Art In Voyage Team" showing Audebert's role in Voyage is the Founder, Chief Executive Officer, and Creative Director.

24. Upon information and belief, at all relevant times, Voyage and Audebert had the ability to supervise and control all content on the Website.

***Defendant Voyage and Defendant Audebert's Willful Infringing Conduct***

25. On or about May 3, 2022, Corson discovered her Corson Photograph being used by Voyage on the Website in two mini-vacation articles, one for "Claremont, California" and the other for "Niagara Falls, Canada."

26. Attached hereto as Exhibit C are true and correct screenshots of the Corson Photograph, with the date-stamp, as used on the Website.

27. Corson is informed and believes that the purpose of the use of the Corson Photograph on the Website was to provide high-quality and aesthetically pleasing

content on the Website congruent with Voyage's marketing campaign.

28. Corson did not provide Defendants with consent or authorization to use or display the Corson Photograph on the Website.

29. In no event did Corson provide Defendants with a license to use or display the Corson Photograph in any manner.

30. Corson is informed and believes Defendants (including their employees, agents, contractors, or others over whom they have responsibility and control) created an unauthorized copy of the Corson Photograph and caused it to be uploaded to and displayed on the Website.

31. Corson is informed and believes Defendants (including their employees, agents, contractors, or others over whom they have responsibility and control) used, displayed, published, and otherwise held out to the public Corson's original and unique Corson Photograph for commercial benefit and acquired monetary gain and market benefit as a result of use of the Corson Photograph on the Website.

32. After discovering the unauthorized use of the Corson Photograph, Corson, through counsel, sent cease and desist correspondence to Defendant Voyage in June and July of 2022 in an attempt to resolve this matter.

33. Defendant Voyage never responded to that correspondence, and in fact, as of February 19, 2023, Defendant Voyage continued to store a copy of the Corson Photograph on the Website's server.

34. Attached hereto as Exhibit D is a true and correct screenshot of the Corson Photograph, taken in Google Incognito mode, as used as stored on the Website's server, with a date-stamp of February 19, 2023.

35. Upon information and belief, Defendants willfully infringed upon Corson's rights in her copyrighted Corson Photograph in violation of Title 17 of the U.S. Code because, *inter alia,* Defendants knew, or should have known, they did not have a legitimate license to use the Corson Photograph.

36. In addition, Defendants' conduct is willful because they continued to store a copy of the Corson Photograph on the Website's server, at least through February 19, 2023, after being sent cease and desist correspondence.

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT

## 17 U.S.C. § 101 *et seq*

37. Corson incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Corson owns a valid copyright in the Corson Photograph.

39. Corson registered the Corson Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

40. Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of and

displayed Corson's unique and original Corson Photograph without Corson's consent or authorization in violation of 17 U.S.C. § 501.

41. As a result of Defendants' violations of Title 17 of the U.S. Code, Corson has sustained significant injury and irreparable harm.

42. As a result of Defendant's violations of Title 17 of the U.S. Code, Corson is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. §504(b) or, at Corson's election, statutory damages in an amount up to $150,000 pursuant to 17 U.S.C. § 504(c).

43. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

44. Corson is also entitled to injunctive relief to prevent or restrain infringement of her copyrights pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Corson prays for judgment against Defendants, jointly and severally, as follows:

- For a finding that Defendants infringed Corson's copyright interest in the Corson Photograph by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable

to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Plaintiff's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendants from further infringement of all of Corson's copyrighted works pursuant to 17 U.S.C. § 502;

- For pre judgment and post judgment interests as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: March 6, 2023                                Respectfully submitted,

                                                    **/s/ Melissa A. Higbee**
                                                    Melissa A. Higbee, Esq.
                                                    FL State Bar No. 62465
                                                    **HIGBEE & ASSOCIATES**
                                                    1504 Brookhollow Dr., Ste 112
                                                    Santa Ana, CA 92705-5418
                                                    (714) 617-8350
                                                    (714) 597-6729 facsimile
                                                    mclark@higbee.law
                                                    *Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Lisa Corson, hereby demands a trial by jury in the above matter.

Dated: March 6, 2023                     Respectfully submitted,

**/s/ Melissa A. Higbee**
Melissa A. Higbee, Esq.
FL State Bar No. 62465
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
mclark@higbee.law
*Counsel for Plaintiff*